61 F.3d 912
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Serguis P. SOUTH, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health & Human Services,
Defendant-Appellee.
 No. 93-35794.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 2, 1995.*
Decided July 17, 1995.
 
 Appeal from the United States District Court for the District of Oregon, No. CV-92-06196-TMC; Thomas M. Coffin, District Judge Presiding.
 D.Or.
 REVERSED AND REMANDED.
 Before: BROWNING, REAVLEY,** and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Serguis South appeals the district court's judgment affirming the decision of the Secretary of Health and Human Services (the "Secretary") to deny his application for Supplemental Security Income disability benefits. We reverse and remand.
 
 
 3
 The ALJ determined that, although South did not suffer from mental impairments meeting any of the specific medical listings at 20 C.F.R. Part 404, Subpt. P, App. 1 (1994), South did suffer from serious mental impairments and could no longer perform his previous work. The ALJ determined that South was not disabled, however, because he could continue to perform other work existing in the economy. See 20 C.F.R. Sec. 416.920 (1994) (steps in evaluating disability). In finding South not disabled, the ALJ relied on the testimony of a vocational expert who assessed South's ability to work in other employment given South's mental limitations as found by a nonexamining medical adviser.
 
 
 4
 After the ALJ issued his decision, South submitted to the Appeals Council a report by Dr. Kurlychek, a physician who examined South but did not serve as South's treating physician. Dr. Kurlychek found that South had greater limitations on his ability to return to other employment than those recognized by the medical adviser and used by the vocational expert in determining whether South could accomplish other work. South also submitted an evaluation by a vocational expert which considered the limitations found by Kurlychek and concluded that South could not serve in other employment.
 
 
 5
 The Appeals Council refused to grant review of South's case based on Dr. Kurlychek's report or to remand to the ALJ for further findings. The Council let stand the decision of the ALJ which was based on the medical adviser's conclusions about South's limitations as analyzed by the vocational expert.
 
 
 6
 The Council improperly disregarded Kurlychek's report. The conclusions of the non-examining medical adviser are "entitled to less weight" than the conclusions of Dr. Kurlychek, an examining physician. Pitzer v. Sullivan, 908 F.2d 502, 506 n. 4 (9th Cir. 1990). The Appeals Council failed to adequately explain why it nevertheless credited the medical adviser's opinion on South's limitations rather than Dr. Kurlychek's opinion and disregarded the evidence provided in Dr. Kurlychek's report.
 
 
 7
 In denying review, the Appeals Council simply stated that Dr. Kurlychek's opinions were based in part "on the assumption that [South's] allegations regarding the severity of [his] conditions were totally credible and that during psychological testing [South] performed to the best of [his] ability." The Council noted that the ALJ had found South to be lacking in credibility. However, it is clear that Kurlychek was well aware of South's tendency to exaggerate his symptoms, and his report took that fact into account. Dr. Kurlychek's opinion was not based on the assumption that South was "totally credible." He agreed that past tests had been invalid but concluded, based on his expertise, that the tests he administered were accurate.
 
 
 8
 Kurlychek also arrived at the ultimate conclusion that South could not meet the mental demands of other work and was thus disabled within the meaning of Social Security Ruling 85-15. The Appeals Council failed to provide adequate reasons for disregarding this opinion as well.
 
 
 9
 The Secretary failed to properly evaluate the evidence in making a determination that South was not disabled. We remand to the Secretary for reconsideration of Dr. Kurlychek's report and the other evidence in this case, consistent with this opinion.
 
 
 10
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Thomas M. Reavley, Senior United States Circuit Judge for the United States Court of Appeals, Fifth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3